IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL GWYNN,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY BEARD, Commissioner, Pennsylvania Department of Corrections; LOUIS B. FOLINO, Superintendent of the State Correctional Institution at Greene; and FRANKLIN J. TENNIS, Superintendent of the State Correctional Institution at Rockview,<br><br>Respondents. | CIVIL ACTION<br><br>No. 08- ___________<br><br>**THIS IS A CAPITAL CASE**. |

**MOTION FOR APPOINTMENT OF FEDERAL HABEAS CORPUS COUNSEL, STAY OF EXECUTION, AND LEAVE TO PROCEED *IN FORMA PAUPERIS***

Petitioner, Daniel Gwynn, an indigent death-sentenced prisoner who wishes to initiate federal habeas corpus review of his conviction and death sentences, seeks leave to proceed *in forma pauperis*; appointment of federal habeas corpus counsel pursuant to McFarland v. Scott, 512 U.S. 849 (1994), and 18 U.S.C. § 3599(a); and a stay of execution pursuant to McFarland and 28 U.S.C. § 2251. In support of this *Motion*, Petitioner states the following:

**Introduction**

1. Petitioner, Daniel Gwynn, is in the custody of the Commonwealth of Pennsylvania in the State Correctional Institution at Greene, under a sentence of death.

2. Petitioner was tried by a jury in the Court of Common Pleas, Philadelphia County.

Commonwealth v. Gwynn, No. 705 (Phila. C.P., Crim. Div.) (Savitt, J., presiding). A jury found Petitioner guilty of murder in the first degree and related charges. After a penalty hearing, Appellant was sentenced to death on November 6, 1995.

3. On November 23, 1998, the Pennsylvania Supreme Court denied Petitioner's appeal from his conviction and sentence. Commonwealth v. Gwynn, 555 Pa. 86, 723 A.2d 142 (Pa. 1998), cert. denied sub nom. *Gwynn v. Pennsylvania,* 528 U.S. 969 (November 1, 1999).

4. On November 11, 1999, Petitioner filed a *pro se* petition for post-conviction review of his conviction and death sentence in this case, and requested the appointment of post-conviction counsel. On November 22, 1999, Governor Thomas Ridge signed a death warrant scheduling Petitioner's execution for January 20, 1999. Judge Savitt subsequently entered a stay of execution and appointed Scott F. Griffith, Esq., to represent Petitioner in post-conviction proceedings. Petitioner filed a counseled petition on May 30, 2001. Petitioner's request for an evidentiary hearing was denied, and Judge Savitt issued an Order of Dismissal on December 4, 2002. The judge issued a written Opinion on February 10, 2003. On March 20, 2008, the Pennsylvania Supreme Court affirmed the lower court's judgment denying post-conviction relief. Commonwealth v. Gwynn, 943 A.2d 940 (Pa. March 20, 2008).

5. Pursuant to 42 Pa. C.S. § 9711(1)(2), the Supreme Court of Pennsylvania transmitted a copy of the record of this case to Governor Edward G. Rendell, who – despite its legal prematurity as a matter of habeas corpus law – was statutorily required to issue a warrant for Petitioner's execution. See 61 P.S. § 3002.[1] On October 21, 2008, Governor Rendell issued a death warrant, scheduling Mr. Gwynn's execution for December 18, 2008. The issuance of this warrant clearly interferes with Petitioner's right to federal habeas corpus review of his conviction and death sentence and with his right to the meaningful assistance of counsel in preparing and litigating a habeas corpus petition. It also subjects Petitioner to significant restrictions above and beyond those normally attendant to incarceration on death row, including substantial interference with his access to legal materials and to counsel at this time in which he most requires such assistance.

6. As described more fully below, Petitioner is indigent and unrepresented, and has never been afforded any federal review of his conviction and death sentences. Petitioner wishes to file a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of that conviction and sentence.

7. Petitioner is entitled to the appointment of counsel pursuant to McFarland v. Scott, 512 U.S. 849 (1994), and 18 U.S.C. § 3599(a), and has asked that Federal Community Defender Office for the Eastern District of Pennsylvania, Capital Habeas Unit, which is authorized to provide such representation in this Court, be appointed to represent him in these proceedings.

8. In view of the procedural posture of his case and the certainty of an imminent death warrant, Petitioner also requests that this Court enter a stay of execution pursuant to McFarland and

---

[1] The systematic prematurity of these death warrants and the need for a stay is demonstrated by the fact that 308 of the 310 death warrants signed by Governors Ridge, Schweiker, and Rendell between January 1995 and September 2007 (99.35% of the warrants) have been directed at inmates prior to the adjudication of an initial habeas corpus petition.

28 U.S.C. § 2251. No counsel could properly prepare and present a petition under the shadow of a death warrant and the artificially abbreviated period of time available once a death warrant issues. Accordingly, Mr. Gwynn is entitled to a stay of execution to vindicate his right to full federal review of his to-be-filed, first habeas corpus petition.

**Parties**

9. Petitioner is incarcerated by the Pennsylvania Department of Corrections and is currently housed in the State Correctional Institution at Greene, under sentence of death.

10. Respondent, Jeffrey Beard, is Secretary of the Pennsylvania Department of Corrections and is Petitioner's ultimate custodian. He is responsible for carrying out warrants of execution pursuant to state law.

11. Respondent, Louis B. Folino, is Superintendent of the State Correctional Institution-Greene, and currently maintains custody of Petitioner.

12. Respondent, Franklin J. Tennis, is Superintendent of the State Correctional Institution at Rockview, and is responsible for supervising executions in the Commonwealth of Pennsylvania.

**Entitlement to Relief**

13. Petitioner is indigent and wants to file a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. However, he cannot do so without a stay of execution to permit counsel to investigate, prepare, research and present his case.

14. Petitioner has not previously filed a federal petition for habeas corpus in this matter in this or any other court.

15. Given the procedural posture of this case, Petitioner is entitled to the following relief.

**A. *In Forma Pauperis* Status.**

16. Petitioner is "financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services" in this habeas corpus matter. 18 U.S.C. § 3599(a)(2). He was granted *in forma pauperis* status by Pennsylvania's courts prior to trial, and has proceeded *in forma pauperis* at all subsequent stages in this case. He was represented exclusively by court-appointed counsel at trial, on direct appeal, and throughout state post-conviction proceedings.

17. Petitioner has been continuously incarcerated by the Commonwealth of Pennsylvania since his arrest in this case, and has been without gainful employment during that time. He has no other sources of income or assets. Petitioner has met the state and federal *in forma pauperis* requirements in the past at all stages of his case and has been represented at all times by either court-appointed or *pro bono* counsel. Given his continuing indigent status, Petitioner should be permitted to proceed *in forma pauperis* for the duration of these habeas corpus proceedings.

**B. Petitioner is Entitled to Counsel and a Stay of Execution to Permit Preparation of an Appropriate Habeas Corpus Petition.**

18. Under the United States Supreme Court's decision in McFarland v. Scott, 512 U.S. 849 (1994), Petitioner is entitled both to the appointment of counsel to assist in the preparation and filing of a petition for habeas corpus, and to a stay of execution. He is indigent and wants to file a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. He has not previously filed a federal habeas corpus petition. He cannot do so without the appointment of qualified counsel to investigate,

prepare, and present the claims that are available to him in federal habeas corpus.

19. 18 U.S.C. § 3599(a)(2) states:

> In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

20. This statute grants a qualified applicant – i.e., a first time, indigent, capital habeas corpus petitioner – "a mandatory right to qualified legal counsel." McFarland v. Scott, 512 U.S. 849, 854 (1994) (interpreting identical language of predecessor statute, 21 U.S.C. § 848(q)(4)(B)); see also *Guide to Judiciary Policies and Procedures*, Vol. VII, Ch. VI, § 6.01A.2 ("[a] financially eligible person seeking to vacate or set aside a death sentence in proceedings under 28 U.S.C. § 2254, is *entitled* to appointment of one or more qualified attorneys" (emphasis in original)). This right is triggered by the petitioner's motion requesting habeas counsel, which initiates his habeas corpus proceedings even before a substantive habeas petition is filed. McFarland, 512 U.S. at 856-57 ("We therefore conclude that a 'post conviction proceeding' within the meaning of § 848(q)(4)(B) [now 18 U.S.C. § 3599(a)(2)] is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his habeas corpus proceeding.").

21. In McFarland, the Court held that the right to counsel embodied in § 848(q)(4)(B) (now § 3599) "necessarily includes a right for that counsel meaningfully to research and present a defendant's claims." McFarland, 512 U.S. at 858. The Court cautioned that, "[w]here this opportunity is not afforded, '[a]pproving the execution of a defendant before [his] petition is decided on the merits would clearly be improper.'" Id. (quoting Barefoot v. Estelle, 463 U.S. 880, 889

(1983)). This is especially so in states such as Pennsylvania, which utilize "a system of review that employs artificial execution dates as a catalyst" and in which – as a consequence – "prisoners often cannot obtain qualified counsel until execution is imminent." Lonchar v. Thomas, 517 U.S. 314, 331 (1996).

22. The United States Court of Appeals for the Third Circuit has made clear that it "would never knowingly permit [a petitioner's] execution while his federal constitutional claims are being litigated." Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997). By the same token, the Commonwealth may not execute an individual while counsel is reviewing the case and preparing to file a petition raising federal constitutional claims.

23. Obviously, the execution of a defendant who has initiated habeas corpus review but has not had an opportunity for his habeas claims to be adjudicated violates his federal statutory right to such review, and would suspend the writ of habeas corpus in his case in violation of the federal constitution.[2]

---

[2] Moreover, the only legitimate penological purpose of a death warrant is to execute the defendant at the time and place scheduled. Yet, if the warrant must be stayed as a matter of law (as must a premature warrant issued during the pendency of a timely initiated initial habeas proceeding), then its issuance can serve no legitimate penological purpose. Subjecting a capital defendant to continuing *preparations* for an execution that unquestionably will not be carried out constitutes cruel and unusual punishment in violation of the Eighth Amendment, and cruel, inhuman, and degrading treatment or punishment in violation of the United States' international human rights obligations, see International Covenant on Civil and Political Rights, Art. 7, Dec. 19, 1966, 999 U.N.T.S. 171, 175 (prohibition against "cruel, inhuman or degrading treatment or punishment"), ratified Apr. 2, 1992, 138 Cong. Rec. S4781, S4783-4 (Apr. 2, 1992 daily ed.); Universal Declaration of Human Rights, Art. 5, G.A. Res. 217A(III), U.N. GAOR, 3d Sess., Supp. No. 1, U.N. Doc. A/810 (1948) ("no one shall be subjected to . . . cruel, inhuman or degrading treatment or punishment"); Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Art. 16, Dec. 10, 1984, 23 I.L.M. 1027, 1031 (1984), as modified, 24 I.L.M. 535 (1985), ratified July 19, 1990, 136 Cong. Rec. S10091, S10093 (July 19, 1990), and customary international human rights norms, e.g., Filartega v. Pena-Irala, 630 F.2d 876 (2d Cir. 1980). (Cruel, inhuman, or degrading treatment or punishment also is prohibited by

24. Given that Petitioner has not previously filed a federal petition for habeas corpus relief in this or any other court, he is entitled to a stay of execution to permit him to do so and to avoid state interference in the preparation and litigation of his petition for writ of habeas corpus. Likewise, he is entitled to the appointment of counsel to assist him in that endeavor.

**C. The Capital Habeas Corpus Unit Should be Appointed to Represent Petitioner.**

25. Petitioner has requested the appointment of the Capital Habeas Corpus Unit of the Federal Community Defender Office for the Eastern District of Pennsylvania ("Habeas Unit").

26. As noted, 18 U.S.C. § 3599(a)(2) grants a qualified applicant – i.e., a first time, indigent, capital habeas corpus petitioner – "a mandatory right to qualified legal counsel." McFarland v. Scott, 512 U.S. 849, 854 (1994). This right is triggered by the petitioner's motion requesting habeas counsel, which initiates his habeas corpus proceedings even before a substantive habeas petition is filed. McFarland, 512 U.S. at 856-57 ("We therefore conclude that a 'post conviction proceeding' within the meaning of § 848(q)(4)(B) [now 18 U.S.C. § 3599(a)(2)] is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his habeas corpus proceeding.").

27. The Habeas Unit is recognized by the Administrative Office of the United States Courts as a Community Defender Organization pursuant to 18 U.S.C. § 3006A of the Criminal Justice Act. See Addendum to the Plan for the Implementation of the Criminal Justice Act of 1964, as Amended, 18 U.S.C. § 3006A, of the United States District Court for the Eastern

---

Article 5(2) of the American Convention on Human Rights, Nov. 22, 1969, 9 I.L.M. 673, 676; Article 3 of the European Convention for the Protection of Human Rights and Fundamental Freedoms, Nov. 4, 1950, 213 U.N.T.S. 222, 224; and Article 5 of the African Charter on Human and Peoples' Rights, June 27, 1981, 21 I.L.M. 58, 60.)

District of Pennsylvania. Accordingly, the Unit receives a sustaining grant from the Administrative Office of the United States Courts for the purpose of providing representation to Pennsylvania's death-sentenced prisoners in federal habeas corpus proceedings, and is authorized to be appointed in Pennsylvania's federal district courts. Because of its sustaining grant, the Habeas Unit will not seek costs, litigation or expert expenses, or attorneys fees relating to its appointment in this case as counsel to Petitioner.

28. The attorneys in the Habeas Unit possess special expertise in capital jurisprudence. Lawyers from the Habeas Unit are routinely appointed by judges throughout the three federal districts in Pennsylvania and by the Court of Appeals. The Habeas Unit's lawyers have authored a variety of death-penalty articles and training materials, and have served on the faculties of death-penalty and/or habeas corpus continuing legal education training seminars for numerous organizations and entities including, *inter alia*, the United States Court of Appeals for the Third Circuit; the Administrative Office of the United States Courts Habeas Corpus Training and Assistance Project; the National Institute for Trial Advocacy; the NAACP Legal Defense & Educational Fund; the American Bar Association Death Penalty Representation Project; the Pennsylvania Bar Institute; the National Association of Criminal Defense Lawyers; the Pennsylvania Association of Criminal Defense Lawyers; the Public Defender Association of Pennsylvania; the Federal Defender for the Middle District of Pennsylvania; the New Jersey Public Defender System; the University of Pittsburgh Law School; and the Penn State Dickinson School of Law. Its lawyers also have served as members of the Third Circuit's Task Force on Death Penalty Litigation; on the Board of Directors of the American Bar Association Death Penalty Representation Project; the Pennsylvania Association of Criminal Defense Lawyers; and on the Advisory Committee of the

Dickinson School of Law Death Penalty Post-Conviction Training Program.

**D. Counsel Should Be Provided Adequate Time to Prepare a Petition, and Urges That the Court Allow 180 Days.**

29. Federal habeas corpus is not simply an appellate proceeding, but rather an original civil action in a federal court. See, e.g., Browder v. Director, Illinois Dept. of Corrections, 434 U.S. 257, 269 (1978); Neely v. United States, 546 F.2d 1059, 1065 (3d Cir. 1976). The complexity of capital habeas corpus litigation is beyond dispute. See, e.g., 21 U.S.C. § 848(q)(4)(B)(7) (acknowledging "the unique and complex nature" of capital habeas litigation); McFarland v. Scott, 512 U.S. at 856-57 ("this Court's death penalty jurisprudence unquestionably is difficult even for a trained lawyer to master" (quoting Murray v. Giarratano, 492 U.S. 1, 28 (1989)).

30. Given its complexity, federal habeas corpus litigation requires time for counsel to conduct appropriate investigation and develop the material facts of the case prior to filing a petition. A proper, counseled capital habeas petition can be prepared only after counsel has both reviewed the existing record and conducted an exhaustive extra-record investigation of the case. Given the complexity of capital litigation and the time required to properly litigate such cases, counsel needs – and is entitled to – time for meaningful preparation. See, e.g., Riley v. Taylor, 62 F.3d 86 (3d Cir. 1995) (district court abused discretion when it denied habeas counsel six months to properly prepare and amend capital habeas corpus petition).

31. In this case it would not be reasonable to expect counsel to prepare, file, and litigate the habeas petition under the shadow of an imminent execution date.

32. Once a stay of execution is granted and counsel is appointed, counsel will need a reasonable amount of time to identify the status, under 28 U.S.C. § 2254, of the many issues

presented in the state court proceedings, to conduct additional investigation and legal research, and to prepare a meaningful and professionally responsible petition.

33. The Congress of the United States, in enacting a one-year statute of limitations, 28 U.S.C. § 2244(d), has determined that one year is a reasonable amount of time to file a habeas corpus petition.

34. In addition, the United States Court of Appeals for the Third Circuit held it to be an abuse of discretion where a district court denied new habeas corpus counsel six months to *amend* an already filed capital habeas corpus petition, citing the "incomplete state court records and the complexity of the case," even though state court counsel who had filed the original habeas petition was remaining in the case in a support capacity. Riley v. Taylor, 62 F.3d 86 (3d Cir. 1995).

35. Moreover, habeas counsel must research and evaluate all of the available federal claims before presenting a petition to this Court. This is so because 28 U.S.C. § 2244 severely limits the availability of successor habeas corpus petitions. Against this backdrop, a request for 180 days to prepare this petition (per Riley) would easily be reasonable.

36. In light of the foregoing, Petitioner respectfully requests 180 days following the appointment of counsel and issuance of a stay of execution to prepare and file a federal habeas corpus petition in this case.

**REQUEST FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that the Court:

A. Grant Petitioner permission to proceed *in forma pauperis*;

B. Stay Petitioner's execution for the duration of the proceedings in this Court;

C. Appoint the Capital Habeas Corpus Unit of the Federal Community Defender Office for the Eastern District of Pennsylvania as counsel to Petitioner in these habeas corpus proceedings; and

D. Grant 180 days for the filing of the petition for writ of habeas corpus.

(A proposed order accompanies this request).

Respectfully submitted,

/s/ Matthew C. Stiegler
MATTHEW C. STIEGLER
Pa. Bar No. 207280
JAMES MORENO
Pa. Bar No. 86838
RENEE EDELMAN
Pa. Bar No. 200778
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520
(Matthew_Stiegler@fd.org)
(James_Moreno@fd.org)
(Renee_Edelman@fd.org)

Dated: October 22, 2008

**CERTIFICATE OF SERVICE**

I, Matthew C. Stiegler, hereby certify that on this 22nd day of October 2008, I served a copy of the foregoing upon the following by United States Mail, first class, postage prepaid:

Lynne Abraham, Esquire
District Attorney
Office of the Philadelphia County District Attorney
Three South Penn Square
Corner of Juniper & S. Penn Square
Philadelphia, PA 19107
(215) 686-5704

/s/ Matthew C. Stiegler
Matthew C. Stiegler

Dated: October 22, 2008