IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
**Daniel Gwynn**,
               Petitioner,      )      Civil Number: 08-5061
                                  )
     v.                              )
                                  )      *This is a Capital Case*
**Jeffrey A. Beard**, et al.,      )
                                  )
             Respondents.    )
_____)

## STIPULATION TO PETITIONER'S ENTITLEMENT TO SENTENCING RELIEF

Petitioner Daniel Gwynn, through counsel, and Respondents, through the Philadelphia District Attorney's Office, respectfully stipulate to Petitioner's entitlement to sentencing relief based on Claim I of his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 5), as follows:

### Purpose of Stipulation

The parties agree that the terms of this Stipulation are in their respective interests. The purpose of this Stipulation is to reflect the parties' agreement that Mr. Gwynn should be granted relief from his death sentence, and it is anticipated that the Commonwealth will not pursue the reimposition of a sentence of death upon the return of the case to the Pennsylvania courts. The parties do not intend this Stipulation to alter their respective positions on Mr. Gwynn's claims that he is entitled to relief from his convictions.

### Procedural History

Petitioner Daniel Gwynn is a death-sentenced Pennsylvania prisoner seeking habeas corpus relief under 28 U.S.C. § 2254. The crimes for which Mr. Gwynn was prosecuted occurred on

November 20, 1994. Mr. Gwynn was convicted and sentenced to death in the Philadelphia Court of Common Pleas in November 1995.

The Pennsylvania Supreme Court affirmed his convictions and death sentence on direct appeal. *Commonwealth v. Gwynn*, 723 A.2d 143 (Pa. 1998). The state court subsequently denied his post-conviction challenges. *Commonwealth v. Gwynn*, 943 A.2d 940 (Pa. 2008); *Commonwealth v. Gwynn*, No. 644 CAP (June 17, 2013) (per curiam).

Mr. Gwynn filed a Petition for Writ of Habeas Corpus in federal court on March 7, 2009. In Claim I, Petitioner alleges that his trial counsel provided constitutionally ineffective assistance in failing to investigate, develop, and present available mitigating evidence at the capital sentencing phase of his trial. (ECF No. 5 at 4-27).

## Terms of Stipulation

The following constitute the terms of the parties' Stipulation:

1. This Court shall vacate Petitioner's death sentence by conditionally granting the Petition for Writ of Habeas Corpus as to Claim I, which alleged that trial counsel was ineffective for failing to investigate, develop, and present available mitigating evidence at the capital sentencing phase of Petitioner's trial.

2. Respondents decline to assert, and affirmatively waive, any procedural default defenses to Claim I. Petitioner and Respondents agree that the standards for review under 28 U.S.C. § 2254 do not bar relief as to Claim I.

3. Petitioner and Respondents agree that trial counsel's mitigation investigation and presentation were constitutionally deficient because, among other things, counsel failed to interview significant witnesses, collect relevant social history records, hire a mitigation investigator, and engage a mental health expert.

4. Petitioner and Respondents agree that trial counsel's deficient performance prejudiced Petitioner because the unpresented evidence of Petitioner's childhood abuse and neglect, his mental health impairments, and his history of substance abuse was substantial and of a similar nature to the unpresented evidence upon which the United States Supreme Court has granted relief on similar post-conviction claims. A finding of prejudice is also appropriate in light of counsel's actual mitigation presentation at trial, which consisted of brief testimony from a few witnesses whose only instruction was to beg for Petitioner's life.

5. The parties anticipate that, upon acceptance of this Stipulation, the Court will treat Petitioner's other claims regarding his death sentence as moot (Claims VI, VII, IX, XI, and XII, as well as the sentencing phase aspect of Claims VIII and XIV), and proceed to consider Petitioner's remaining claims challenging his convictions only.

6. The parties further anticipate that the Court's conditional grant of the writ as to Petitioner's death sentence will form a part of its final order in these habeas proceedings.

7. A proposed order encompassing the terms of the Stipulation is attached for the Court's consideration.

### SO STIPULATED:

/s/ *Matthew Stiegler*
Matthew Stiegler
7145 Germantown Ave. Suite 2
Philadelphia, PA 19119
(215) 242-1450
Matthew@StieglerLaw.com

/s/ *Gretchen M. Engel*
Gretchen M. Engel
Center for Death Penalty Litigation
123 W. Main Street, Suite 700
(919) 956-9545
Gretchen@cdpl.org

*Counsel for Petitioner*

Dated December 18, 2020

/s/ *Max Kaufman*
Max Kaufman
Supervisor, Federal Litigation Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
(215) 686-8000
Max.Kaufmann@phila.gov

CERTIFICATE OF SERVICE

I certify that today I served all counsel of record with this *Stipulation* through this Court's Electronic Case Filing system.

/s/ *Gretchen M. Engel*
Gretchen M. Engel
N.C. Bar # 19558
Center for Death Penalty Litigation
123 W. Main Street, Suite 700
(919) 956-9545
Gretchen@cdpl.org

December 18, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
**Daniel Gwynn**,   )
              Petitioner,   )   Civil Number: 08-5061
                 )
    v.   )
                 )   *This is a Capital Case*
**Jeffrey A. Beard**, et al.,   )
                 )
              Respondents.   )
_____)

# ORDER

AND NOW, this the _____ day of _____, 2020, upon consideration of the Parties' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 5), the parties Stipulation (ECF No. 106), and the full record in this case, it is ORDERED as follows:

1. The parties Stipulation is ACCEPTED by the Court;

2. Daniel Gwynn's Petition for Writ of Habeas Corpus is GRANTED as to Claim I. The Court finds that Petitioner was deprived of the effective assistance of counsel at the sentencing phase of his trial based on counsel's failure to investigate, develop, and present available mitigating evidence;

3. Because the writ is granted as to Claim I, Petitioner's other claims regarding his death sentence are moot and will not further be considered by the Court; and

4. Upon completion of review of Petitioner's claims challenging his convictions, this Order will be incorporated into the Court's final order with respect to these habeas corpus proceedings.

                          BY THE COURT:

                          _____
                          Hon. Petrese B. Tucker